# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GARY WING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-00678 |
| ) | Judge Aleta A. Trauger |
| TRANSFIRST, LLC, n/k/a TSYS ) | |
| BUSINESS SOLUTIONS, LLC and ) | |
| TOTAL SYSTEM SERVICES, INC. ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM

The magistrate judge issued a Report and Recommendation ("R&R") (Doc. No. 73) on May 7, 2018, recommending that the defendants' Motion for Summary Judgment (Doc. No. 66) be granted and that this case be dismissed. On May 29, 2018, plaintiff Gary Wing filed a document styled "Respectful Response to Judge Frendsley's [sic] Report and Recommendation." (Doc. No. 74.) The court construed this filing as timely objections to the R&R under Rules 6(d) and 72(b)(2) of the Federal Rules of Civil Procedure and directed the defendant to respond. (Doc. No. 75.) The defendant has now complied. (*See* Doc. No. 78.)

For the reasons set forth herein, the court will overrule the plaintiff's objections and accept the R&R in its entirety. The defendant's Motion for Summary Judgment will be granted, and the two remaining claims in this case will be dismissed with prejudice.

## I.  Factual and Procedural Background

The court presumes familiarity with the previous orders entered in this case, as well as with the R&R, and summarizes herein those facts and events strictly relevant to the plaintiff's

objections.

Gary Wing initiated this action on March 25, 2016 by filing a Complaint (Doc. No. 1) against his former employer, TransFirst, LLC, n/k/a TSYS Business Solutions, LLC ("TransFirst"), asserting a violation of the Sarbanes–Oxley Act ("SOX"), 18 U.S.C. § 1514A, and retaliatory discharge in violation of the Tennessee Public Protection Act ("TPPA"), Tenn. Code Ann. § 50-1-304. He filed an Amended Complaint on February 22, 2017, reasserting SOX and TPPA claims against TransFirst, adding defendant Total System Services, Inc. ("TSYS"), which had in the intervening period acquired TransFirst, and adding new claims against both defendants for violation of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. § 1961, and retaliatory discharge under Tennessee common law.

On June 16, 2017, the court entered a Memorandum and Order granting in part and denying in part the defendants' Motion to Dismiss, dismissing the SOX and RICO claims but allowing the TPPA and common law retaliatory discharge claims to proceed against both defendants. (Doc. Nos. 49, 50.) The court then referred the matter to the magistrate judge.[1]

The magistrate judge entered a Scheduling Order in July 2017, setting deadlines for discovery and dispositive motions and scheduling a discovery conference for December 8, 2017. (Doc. No. 54.) The Scheduling Order specifically provided that responses to any motion for summary judgment must be filed within twenty one days after the filing of the summary judgment motion. The plaintiff was expressly notified that

> dispositive motions must be responded to as set forth [in the Scheduling Order], unless an extension is granted by the Court, and that failure to respond to the

---

[1] Wing was initially represented by attorney Andy Allman. The Tennessee Supreme Court suspended Allman from the practice of law effective October 9, 2016, and Wing was given 60 days to obtain new counsel. The plaintiff was represented by attorney Todd Cole from December 7, 2016 until Cole was granted leave to withdraw on April 20, 2017. Since that date, the plaintiff has proceeded *pro se*.

> motion and to statements of facts may result in the Court taking the facts alleged in the matter as true and granting the relief requested. In responding to the motions for summary judgment, plaintiff may not just rely on the complaint. Plaintiff must show there is a material dispute of fact with citation to the record, affidavits or other matter of evidence. Plaintiff should read and comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01.

(*Id.* at 3.)

On February 9, 2018, the defendants filed their timely Motion for Summary Judgment, supporting Memorandum of Law, three witness declarations with attached evidentiary material, and a Statement of Undisputed Material Facts. The plaintiff never responded to the motion or the statement of facts.

The magistrate judge entered the R&R on May 7, 2018. Citing Local Rules 7.01(b) and 56.01(c) and (g), the magistrate judge construed the plaintiff's failure to respond to the defendant's Statement of Undisputed Material Facts to indicate that the facts asserted by the defendants are not disputed for purposes of their motion. Finding no material factual disputes, the magistrate judge proceeded to determine whether, based on the undisputed facts, the defendants were entitled to judgment in their favor as a matter of law on the plaintiff's remaining claims.

The magistrate judge concluded that both the TPPA and common law retaliatory discharge claims should be dismissed. Specifically, he found that the plaintiff could not establish a *prima facie* case under the TPPA, because the undisputed facts failed to establish that he was terminated solely because of his refusal to participate in or to remain silent about illegal activity. He found that the plaintiff's common law claim failed because all of the improper practices by TransFirst that he complained about are either actually illegal or fraudulent and deceptive to TransFirst customers, as a result of which the TPPA provides the exclusive avenue for relief. Alternatively, the magistrate judge also determined that no reasonably jury could find that the

plaintiff's alleged protected conduct was a substantial cause of his termination. The magistrate judge therefore recommends that the defendants' Motion for Summary Judgment be granted.

## II. Standard of Review

When a party files objections to a magistrate judge's report and recommendation regarding a dispositive motion, the district court must review *de novo* any portion of the report and recommendation to which objections are "properly" lodged. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B) & (C). Only "specific written objections" to the magistrate judge's proposed factual findings and legal conclusions are "proper" under Rule 72(b). Likewise, the applicable statute contemplates *de novo* determination only "of those portions of the report or *specified* proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphasis added).

In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III. Discussion

In this case, the plaintiff has not properly objected to any specific factual findings or to the magistrate judge's conclusions of law. Instead, the plaintiff complains, first, that the defendants did not work with him in the discovery process and that their statements of fact "left out pertinent information that can be easily addressed" through the testimony of thirteen individuals to whom, the plaintiff claims, subpoenas are to be issued this week. (Doc. No. 74, at 1–2.) The plaintiff disregards the fact that the magistrate judge's Scheduling Order called for discovery to be "completed by January 11, 2018." (Doc. No. 54, at 2.) The magistrate judge eliminated any ambiguity in that deadline by explaining that "all written discovery should be

served far enough before the discovery completion date, i.e. at least thirty days prior to the discovery completion deadline, so that responses or objections to any written discovery can be made prior to the completion deadline." (*Id.*) The plaintiff is not entitled, at this late date, to subpoena witnesses or to take additional discovery. If he had difficulty obtaining discovery from the defendants during the discovery period, his recourse was to seek the court's assistance, through filing motions to compel or otherwise, prior to the expiration of the discovery deadline. The deadlines have passed, and that route is now closed.

The plaintiff next complains that the court should take into consideration that any testimony provided by current TransFirst or TYSY employees could be influenced by their desire not to lose their jobs. This objection, too, is beside the point, because the court's job, at this juncture, is not to weigh competing testimony or to resolve issues of credibility. The plaintiff here has never submitted his own sworn statement, or that of any witness, that would contradict or call into question the veracity of the three sworn statements submitted by the defendants. As a result, there are no factual conflicts to be resolved at a trial. Moreover, the plaintiff acknowledges that "testimony given by former employees now after Transfirst/TSYS closed [the Franklin] office down in August of 2017 would be truthful and not influenced." (Doc. No. 74, at 2.) The witness declarations submitted by the defendants indicate that none of them is still employed by TransFirst or TSYS. Kari D'Ottavio voluntarily resigned her employment with TransFirst in June 2017 and has chosen to remain unemployed (Doc. No. 68 ¶ 2); Joe LoCurto was employed by TransFirst until he retired on July 1, 2016 (Doc. No. 69 ¶ 2); and Ben Juillerat's employment with TransFirst terminated in April 2017 when he was laid off (Doc. No. 70 ¶ 2). In other words, none of the witnesses upon whose testimony the defendant relies is a current TransFirst or TSYS employee.

Next, although the plaintiff does not actually dispute any of the material facts upon which the R&R's conclusions are based, he does purport to "clarify" ten of the eighteen facts the magistrate judge identified as material, specifically undisputed facts 6 through 15. (*See* Statement of Undisp. Mat. Facts, Doc. No. 71 ¶¶ 6–15; R&R, Doc. No. 73, at 8–9; Objections, Doc. No. 74, at 2–8.) The plaintiff apparently seeks to provide additional background information or justification of these facts from his perspective. The information the plaintiff seeks to add, however, is completely irrelevant to the magistrate judge's findings of fact.

That is, even if the court were to accept as true the plaintiff's unsworn "clarifications" for purposes of ruling on the defendants' Motion for Summary Judgment, the outcome of this case would not change. The bottom line is that the plaintiff makes no effort to challenge the two most important undisputed facts in the record: (1) that Kari D'Ottavio, then vice president of human resources, and Joe LoCurto, then vice president of TransFirst's commercial services division, alone, made the decision to terminate the plaintiff's employment based on a well documented series of transgressions and warnings; and (2) neither D'Ottavio nor LoCurto was aware until this lawsuit was filed that the plaintiff had engaged in protected activity for purposes of either the TPPA or a common law retaliatory discharge claim. (Doc. No. 73, at 9 (referencing Doc. No. 71, Undisputed Facts 23 and 24).)

Nor does the plaintiff challenge the magistrate judge's legal conclusion that, without proof that the decision makers were aware that the plaintiff had engaged in conduct protected by statute, the plaintiff could not prove claims under either the TPPA or Tennessee common law. To establish a retaliation claim under the TPPA, the plaintiff would have to prove that he was "terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities," Tenn. Code Ann. § 50-1-304(b); *Sykes v. Chattanooga Hous. Auth.*, 343 S.W. 3d 18,

27 (Tenn. 2011). To establish a claim for retaliatory discharge under Tennessee common law, he would be required to establish, among other things, that "a *substantial factor* in the employer's decision to discharge [him] was [his] exercise of protected rights or compliance with clear public policy." *Hugo v. Millennium Labs., Inc.*, 590 F. App'x 541, 544 (6th Cir. 2014) (quoting *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W. 3d 852, 862 (Tenn. 2002)). If the decision makers were unaware that the plaintiff had engaged in protected conduct, then that conduct could not have played any part in the decision to terminate him.

The plaintiff has not properly objected to any of the magistrate judge's factual findings or legal conclusions; he has not established the existence of material factual disputes; and the defendants are clearly entitled to judgment as a matter of law.

**IV.  Conclusion**

For the reasons set forth herein, the court will overrule the plaintiff's objections and accept the magistrate judge's R&R in its entirety. The defendants' Motion for Summary Judgment will be granted, and this case will be dismissed.

An appropriate order is filed herewith.

ENTER this 29th day of June 2018.

_____
ALETA A. TRAUGER
United States District Judge